ORIGINAL

FILED
SEP 12 2008
U.S. COURT OF FEDERAL CLAIMS

**UNITED STATES COURT OF FEDERAL CLAIMS**

**CATHERINE JONES, on behalf of herself and all those similarly situated,**

**Plaintiff,**

**CASE NO.:** 08-645 C

**vs.**

**UNITED STATES OF AMERICA,**

**CLASS/COLLECTIVE ACTION**

**Defendant.**

_________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, CATHERINE JONES, by and through the undersigned attorney, sues the Defendant, UNITED STATES OF AMERICA, and alleges:

1. Plaintiff, CATHERINE JONES, is an employee of the Transportation Security Administration ("TSA") (and thus the United States of America ("USA" or "Defendant")), and brings this action for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA") and 28 U.S.C. §2201, on behalf of herself and all those similarly situated.

2. Plaintiff was an hourly paid employee performing activities as a security screener and/or security officer within the last three years for Defendant in Memphis, Shelby County, Tennessee.

3. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every hourly paid employee who worked for Defendant as a security screener and/or security officer at any time within the past three (3) years nationwide.

4. This Court has jurisdiction over Plaintiff's claims pursuant to 5 U.S.C. §8715, 28 U.S.C. §1346(a)(2), 28 U.S.C. §1361, 28 U.S.C. §1491, 28 U.S.C. §§2501, 2516 and 2517, the FLSA (29 U.S.C. §216(b)), and the authority to grant declaratory relief under the FLSA pursuant to

28 U.S.C. §2201 et seq.

5. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s). Additionally, Plaintiff was engaged in interstate commerce during her employment with Defendant.

6. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§201-209 because Plaintiff, and those similarly situated employees, performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff, and those similarly situated employees, for those hours in excess of forty (40) within a work week.

7. Specifically, Defendant failed to properly calculate the overtime premium to be paid to Plaintiff, and those similarly situated employees, by not including shift differential pay in the regular rate to be used for overtime calculation. *See* Example of Plaintiff's Pay Sheet showing overtime only calculated with the regular rate as Exhibit "A."

8. During their employment with Defendant, Plaintiff, and those similarly situated employees, were not paid time and one-half their regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

9. The additional persons who may become plaintiffs in this action are employees who held positions similarly situated to Plaintiff and who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

10. Defendant and its officers and agencies are responsible under the United States Constitution, federal law, and regulations for the establishment and administration of personnel, employment and compensation policies and practices and for applying to Plaintiff and those similarly situated to her, the provisions of the FLSA and other applicable federal pay and compensation statutes and regulations.

11. Upon information and belief, the records, to the extent any exist, concerning the

number of hours worked and amounts paid to Plaintiff, and other similarly situated employees, are in the possession and custody of Defendant.

12. Plaintiff's Notice of Consent to Join this lawsuit has been contemporaneously filed with this Complaint.

**RECOVERY OF OVERTIME COMPENSATION**

13. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-12 above.

14. Plaintiff, and those similarly situated employees, are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week. During their employment with Defendant, Plaintiff, and those similarly situated employees, worked overtime hours but were not paid complete time and one-half compensation for same. Instead, Defendant only based the overtime compensation on Plaintiff's, and those similarly situated employees', base pay rather than including any shift differential pay worked during the week, as would be proper under the FLSA.

15. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff, and those similarly situated employees, time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff, and those similarly situated employees, have suffered damages plus incurring reasonable attorneys' fees and costs.

16. As a result of Defendant's willful violation of the FLSA, Plaintiff, and those similarly situated employees, are entitled to liquidated damages.

17. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, CATHERINE JONES, and all other similarly situated employees, demand judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendant did not properly compensate

them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 11th day of September, 2008.

Richard B. Celler, Esq.
Florida Bar No.: 173370
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 425-8171
Email: RCeller@forthepeople.com
Attorneys for Plaintiff

# EXHIBIT A

| TRANSPORTATION SECURITY ADMINISTRATION | | | | | | | | | | | 38115-0000 | FORM AD-334 USDA |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| SSNO | PAY PERIOD DATE MO DA YR MO DA YR | P/P | T&A CONTACT POINT | ACCT STAT | ORG STRUCTURE | POI | PAY PLAN | GR | ST | | | |
| 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 | 10/1/2006 10/14/2006 | 20 | TA-47-1620-01-01 | 0010 | TA-59-05-2115 | 1598 | SV | D | 00 | | | |

| SALARY | RATE | TYPE EMPL | SCD FOR LEAVE | RET. DEDUCTIONS THIS APPOINTMENT | STATEMENT OF EARNINGS AND LEAVE |
|---|---|---|---|---|---|
| 29858.00 | PA | F/T | 9/15/2002 | 271.94 | |

**EARNINGS AND DEDUCTIONS**

| ITEM | | HOURS | | | AMOUNT | | |
|---|---|---|---|---|---|---|---|
| CODE | DESCRIPTION | | P/P | Y-T-D | | P/P | Y-T-D |
| 01 | REGULAR TIME | | 69.00 | 1,383.50 | | 987.43 | 20,101.52 |
| 04 | SUNDAY DIFFERENTIAL | | 17.00 | 249.00 | | 60.86 | 890.22 |
| 05 | SUN DIFF W/NIGHT DIFF | | 3.00 | 68.50 | | 15.04 | 342.68 |
| 11 | NIGHT DIFFERENTIAL | | 8.00 | 252.50 | | 11.45 | 368.06 |
| 21 | OVERTIME - PREMIUM RATE | | 27.50 | 507.75 | | 590.36 | 10,865.23 |
| 31 | HOLIDAY WORKED | | 10.00 | 60.00 | | 143.10 | 855.40 |
| 34 | FLSA | | 27.50 | 507.75 | | 29.42 | 247.34 |
| 44 | CASH AWARD | | | | | | 968.00 |
| 61 | ANNUAL LEAVE | | 1.00 | 149.00 | | 14.31 | 2,117.97 |
| 62 | SICK LEAVE | | | 99.50 | | | 1,423.78 |
| 66 | OTHER LEAVE | | 10.00 | 68.00 | | 143.11 | 966.70 |
| 67 | INJURY LEAVE | | | 50.00 | | | 715.49 |
| 72 | ABSENCE W/OUT OFFIC LV | | | | | | |